JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Officer Daniel J. Leone

**DEFENDANTS**
City of Philadelphia d/b/a Philadelphia Police Department

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave Morton PA 19107; 610-690-0801
Mildenberg Law, 1735 Market Street Ste 3750; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

❑ 2  U.S. Government
        Defendant

❑ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | | | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

❑ 2  Removed from
        State Court

❑ 3  Remanded from
        Appellate Court

❑ 4  Reinstated or
        Reopened

❑ 5  Transferred from
        Another District
        *(specify)*

❑ 6  Multidistrict
        Litigation -
        Transfer

❑ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981and 1983
Brief description of cause:
Plaintiff has experience discrimination during the course of his employment

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                        DOCKET NUMBER

DATE
01/03/2019

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Daniel J. Leone | : | CIVIL ACTION |
| v. | : | |
| City of Phiadelphia d/b/a<br>Philadelphia Police Department | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 1-3-19 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 Ext 104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____832 N. 3rd Street #9 Philadelphia, PA 19123_____

Address of Defendant: _____750 Race Street Philadelphia PA 19106_____

Place of Accident, Incident or Transaction: _____Center City District of the PPD_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/03/2019__   _(signature) Gary Schakfopf_   __83362__
　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Gary Schakfopf_____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __01/03/2019__   _(signature) Gary Schakfopf_   __83362__
　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**BRIAN R. MILDENBERG, ESQ.**
**MILDENBERG LAW FIRM**
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
brian@mildenberglaw.com
www.MildenbergLaw.com
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiffs**
*Additional Counsel Listed on signature page*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------ X
                                        :

| | |
|---|---|
| OFFICER DANIEL J. LEONE | Civil Action No.: |
| Plaintiff | **COMPLAINT** |
| v. | |
| CITY OF PHILADELPHIA d/b/a PHILADELPHIA POLICE DEPARTMENT | **Jury Trial Demanded** |
| Defendant. | |

------------------------------------------------X

Plaintiff, Officer Daniel J. Leone, by and through his undersigned attorneys,

complaining of Defendant, the City of Philadelphia d/b/a the Philadelphia Police

Department ("PPD"), brings the instant action requesting judgment in his favor, and

against Defendant, and in support thereof, allege, upon information and belief, as follows:

**NATURE OF ACTION**

1.  Officer Leone of the PPD brings this lawsuit against his employer, the City of Philadelphia d/b/a PPD to remedy discrimination based upon his Italian ethnicity and/or ancestry on the part of the PPD. The PPD subjected Plaintiff to ethnic discrimination and a hostile and discriminatory work environment in violation of federal law and wrongfully retaliated against Plaintiff for filing a complaint with the EEO.

## PARTIES

2.  The above paragraphs are incorporated herein by reference.

3.  Plaintiff, Daniel J. Leone, is an adult individual, residing at 832 N. 3rd Street #9, Philadelphia, PA 19123. At all times material hereto, Plaintiff was employed by Defendant as a police officer for over 22 years, since in or about February 1996. Plaintiff is of Italian heritage and descent.

4.  The Philadelphia Police Department ("PPD") is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at 750 Race Street Philadelphia, PA 19106.

## JURISDICTION AND VENUE

5.  The above paragraphs are incorporated herein by reference.

6.  Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331 and 1332, as the cause of action arises under federal law, to wit: 42 U.S.C. § 1981 & 1983.

7.  Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at the Philadelphia Police Department, in Philadelphia, Pennsylvania.

## STATEMENT OF FACTS

8. The above paragraphs are incorporated herein by reference.

9. In a pattern of unlawful, deliberate and discriminatory acts, Defendant has created a racist, anti-Italian ethnicity environment at the PPD.

10. Upon information and belief, PPD management, has sanctioned these actions by allowing continued use of discriminatory language in both spoken and written forms in and around the PPD from its employees, issuing unwarranted and disproportionate warnings and punishments against Plaintiff, wherein discrimination was exhibited.

11. Upon information and belief, PPD's supervisors also disregarded the discrimination and prejudicial acts towards officers Plaintiff at work and did nothing to stop other police officers from continuing to harass Plaintiff by constantly using the term "dago," and referring to Italian neighborhoods as Dago Land and Italian wine as Dago Wine or Dago Red.

12. According to the Merriam-Webster Dictionary, the term "Dago" is a noun that is an offensive term, "used as an insulting and contemptuous term for a person of Italian or Spanish birth or descent."

13. When Plaintiff first started to work for the CCD (Center City District of the PPD) about 7-10 years ago, he was told by the Administrative Lieutenant Brady that he didn't request for Plaintiff nor needed him. Brady averred that South Philly Italians are nothing but loud mouths and know it all's.

14. It was clear to Plaintiff that his district had an anti-Italian sentiment, both by his supervisors and fellow officers, and Plaintiff felt unwelcomed throughout his time at the CCD.

15. On or about December of 2014, Plaintiff was gifting homemade Italian wine to his fellow officers for the holidays, when one officer, Rinier, commented Man, I love Dago wine. Despite Plaintiff's best efforts to ignore the comment, Rinier kept repeating it in order to incite a reaction from him. Plaintiff told him to stop using the term as it was offensive.

16. Plaintiff then asked Sergeant Wood to tell Rinier to desist from using the offensive term, but Wood ignored Plaintiff's plea.

17. When Plaintiff complained to his lieutenant about the continued harassment and use of the racial slur dago, he was told white people can't make complaints about discrimination.

18. On December 20, 2017, Officer Funaro purposefully asked Plaintiff if he had any more dago red wine. Funaro is aware that Plaintiff finds the term derogatory and extremely offensive. Plaintiff believes that he used the term as a way of insulting him. Another officer, Bresnan, told Funaro not to use the term towards Plaintiff and that it was offensive to Italians.

19. Following that incident, Plaintiff urged Sergeant Ward to let all officers know that ethnic slurs will not be tolerated and violators would be disciplined. Ward asked him what term Plaintiff was referring to, and when Plaintiff said dago, Ward refused to acknowledge the term as offensive, and even told Plaintiff you're not even Italian so stop it. Plaintiff felt humiliated in front of his fellow officers, who were there during the whole exchange, and was infuriated by the blatant disregard for his feelings, his ethnicity, and his ancestry.

20. Plaintiff has repeatedly asked his supervisors to address the use of "dago" as it is a derogatory and offensive term to Italians, which they have largely ignored.

21. On December 21, 2017, Plaintiff reported the incident with Ward to Lieutenant Gallagher, and informed him of the harassment and insults that Plaintiff has received over the years. He requested that the department desist in the use of the term "dago." He was called to an interview with both Gallagher and Captain Palumbo, where both agreed that Ward's response was not appropriate. They suggested Plaintiff go to the EAP (Employment Assistance Program).

22. Plaintiff went to the EAP and spoke with Sergeant Kane, who advised Plaintiff to file a complaint with the EEO.

23. On December 22, 2017, Plaintiff headed over to speak with an inspector to inquire about his complaint, as he was worried about its status since Captain Palumbo seemed indifferent to his plight.

24. Plaintiff then received a call from Sergeant Paraschak to tell him that his Holiday OT for the Nutcracker at the Academy of Music, one of the more popular shifts for the officers, was canceled. However, Plaintiff later learned that the shift had instead been given to another officer. Plaintiff believes this was in retaliation for going to the EAP to file a complaint.

25. Upon information and belief, Plaintiff's supervisors spread rumors to say he was trouble and overly sensitive. Plaintiff received multiple calls and comments from other officers, telling him that the term "dago" was not an offensive word and that he shouldn't be offended by it. Some implied that he needed sensitivity training.

26. Upon information and belief, Plaintiff's supervisors never took his requests to address the use of the ethnic slur "dago" seriously, as he had reported it multiple times. Plaintiff's supervisors usually laughed when he complained. The one time it was addressed, Plaintiff felt ridiculed as the commanding officer did not reprimand officers for the use of the racial slur. Instead, he insinuated that the offended officer was overly sensitive.

27. Due to the attitude of the department and the continued disrespect of people of Italian ethnicity and ancestry, Plaintiff cannot comfortably attend work functions with his wife without knowing that his colleagues could and would use ethnic slurs around him. At one such function when the term was used, Plaintiff and his wife chose to leave early instead of causing a scene with the officer who said it.

28. When Plaintiff had reached his 20th year milestone on the workforce, he expected to get his plaque recognizing his years of service and his certificate. However, Plaintiff did not receive the plaque on his official 20th anniversary date had to send repeated requests to his lieutenant for the plaque. Plaintiff did not receive the plaque until 6 months had passed from his anniversary date.

29. Upon information and belief, Plaintiff was discriminated and disrespected by his supervisors because of his Italian ethnicity and heritage, as other non-Italian white officers received their 20th year plaques promptly on their anniversary date in a celebratory manner. Plaintiff also received only a glass plaque as opposed to the beautiful, more expensive wooden plaque the other officers received.

30. Upon information and belief, Plaintiff's supervisors and officers felt justified in their use of the term dago due to the amount of people who use the term in the workforce.

However, "dago" is historically a derogatory slur used as an insult toward persons of Italian descent, and whether the other officers find the term offensive is irrelevant.

31. Plaintiff is a dedicated and excellent officer who has received several ribbons over his years of service and has even saved lives while on the job. Plaintiff has never had a complaint filed against him and has good yearly review, but he never felt the recognition and respect he deserved from his superiors and fellow officers.

32. Upon information and belief, despite requesting numerous times for the more desired steady daytime shift positions with weekends off, Plaintiff was always denied, likely due to his ethnicity and in keeping with the PPD's discriminatory environment.

33. Plaintiff has been trying to maintain his teaching license as a scuba instructor so that he would be able to continue to do it when he retires from the police force, which his supervisors and colleagues are aware of. Instead, the optimal shifts were always given to non-Italians with much less experience and seniority as Plaintiff, who had less significant reasons, including for one such officer to match his girlfriend's shifts and another for being a NHL season ticket holder.

34. Due to the actions of Defendant, Plaintiff was forced to work in a hostile environment and was unjustly treated on a discriminatory basis, due to his race and ethnicity.

**STATEMENT OF CLAIMS**

**COUNT I**
**CIVIL RIGHTS VIOLATION 42 U.S.C. § 1981 & 1983 -**
**HARASSMENT, DISCRIMINATION AND HOSTILE WORK ENVIRONMENT**
**ON THE BASIS OF ETHNICITY**

35. The above paragraphs are incorporated herein by reference.

36. As a result of Defendant's actions as aforesaid, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of his employment agreement with the City of Philadelphia Police Department, in violation of 42 U.S.C. § 1981.

37. Such violations of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983.

38. Defendant has caused Plaintiff to suffer humiliation and embarrassment, emotional distress, and to sustain damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

39. Said hostile environment and discrimination against Plaintiff was pervasive and severe.

40. Said hostile environment and discrimination against Plaintiff has affected Plaintiff to his detriment.

41. Said hostile environment, discrimination and harassment would detrimentally affect a reasonable person under similar circumstances.

42. Said discrimination and harassment has caused a hostile work environment.

43. Said discrimination, and harassment has exacerbated the already hostile work environment to the point of a crisis.

44. Said violations were done intentionally and/or knowingly with malice or reckless indifference, and warrant the imposition of punitive damages.

45. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

46. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

47. The wrongful acts and conduct of Defendant was done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## COUNT II
## VIOLATION OF TITLE VII

48. The foregoing paragraphs are hereby incorporated herein by reference.

49. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

50. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

51. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT III
## MONELL

53. The above paragraphs are hereby incorporated herein by reference.

54. Prior to the events described herein, Defendant failed to train, supervise, and discipline the action of its officers, exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights.

55. Plaintiffs suffered harm due to the Defendant's conduct.

## COUNT IV
## HOSTILE WORK ENVIRONMENT

56. The above paragraphs are incorporated herein by reference.

57. The foregoing actions of Defendants created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

## COUNT V
## 42U.S.C. Sec. 1985
## CIVIL RIGHTS CONSPIRACY

58. The foregoing paragraphs are incorporated herein by reference.

59. The foregoing conduct of Defendants violates Plaintiffs' rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiffs' federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981 and 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiffs:

a)      declaring the acts and practices complained of herein to be in violation of Sections 1981 and 1983 and Title VII;

b)      Enjoining and permanently restraining the aforesaid violations;

c)      entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages

to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

d)      awarding Plaintiff such other damages as are appropriate under Section 1981 and Section 1983 and Title VII;

e)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

[remainder of page intentionally left blank.]

Respectfully submitted,

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 1-3-19

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ.
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

DATED: 1-3-19

BY: _____
GARY SCHAFKOPF, ESQ.
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

DATED:  1-3-19Da